UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John Daley, LLC and John Daley, <br><br> Plaintiffs, <br><br> v. <br><br> Gerald Nudo, et. al. <br><br> Defendants. | Case No. 21-cv-6067 <br><br> Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

Plaintiffs John Daley and John Daley LLC allege that they entered into various real estate transactions over the course of the last fifteen years with Defendants. In November 2016, the parties entered into a bulk real estate sale transaction. Plaintiffs claim that Defendants improperly diverted money from various LLC entities, however, and wrongfully denied Daley his share of proceeds after the closing on the real estate sale. Plaintiffs bring several state-law claims against Defendants including breach of contract, fraud, and conversion. Defendants have all moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6). [36–39]. For the reasons explained below, Gerald Nudo's motion to dismiss [36], Anne Voshel's motion to dismiss [38], and Voshel Investments, LLC's motion to dismiss [39] are granted.

I. Background

The Court accepts as true the following factual allegations from the First Amended Complaint (Dkt. 34). *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

A. Factual Background and the Claims

Plaintiff John Daley, LLC is an Illinois Limited Liability Corporation of which Plaintiff John Daley was the sole member. Dkt. [34] ¶¶ 1, 2. Defendant Voshel Investments, LLC is a Limited Liability Corporation with several members including Ann Voshel. *Id.* ¶ 3. Gerald Nudo, at all material times, managed Voshel Investments. *Id.* Nudo was previously married to Ann Voshel. *Id.*

The parties entered into various real estate transactions over the last fifteen years. *Id.* ¶ 8. Relevant here, the parties were members of the following entities: 461 N. Third, LLC, 12550 Lombard, LLC., 4081 Ryan Road, LLC., 999 Raymond, LLC., 3701 W. 128th LLC and 6601 Mill, LLC (collectively "the Gulfhouse Entities"). *Id.* Operating Agreements govern these entities and lay out the parties' representative interests. *Id.* ¶¶ 9, 11. On November 21, 2016, the parties entered into a bulk sales transaction whereby they sold the properties owned by the Gulfhouse Entities for a gross purchase price of $53,266,000. *Id.* ¶ 12. Daley alleges he is owed $1,055,575 as his share of the proceeds. *Id.* ¶ 13.

At the closing on the sale, Voshel received $12,715,477.97 in proceeds. *Id.* ¶ 17. Daley did not receive any proceeds. *Id.* ¶ 18. Before the closing, Voshel told Nudo she wanted a divorce, and Nudo then asked Daley if Daley would temporarily forebear

2

collecting his distributional interests so that Nudo could do some financial restructuring in light of his impending divorce. *Id.* ¶¶ 19, 21. Daley agreed, but Nudo never paid. *Id.* ¶ 22. Daley claims that Nudo instead diverted money from the entities to third party companies owned by Nudo and Voshel, and not owned by Daley or Daley, LLC. *Id.* ¶ 14. Daley alleges that in addition to the distributional interests, Daley is owed his pro-rata share of moneys owed to the Gulfhouse Entities as a result of the transfers made by Nudo and Voshel. *Id.* ¶ 25.

In the six-count amended complaint, Plaintiffs allege: breach of contract, fraud, unjust enrichment, promissory estoppel, conversion and accounting.

### B. State Court Action

In 2019, Nudo and Voshel Investments sued Daley (and Daley's wholly owned entities) in the Circuit Court of Cook County, Illinois (the "State Court Action"). (*See* Dkt. 39 at 2). The State Court Action consolidates two related cases: (a) *Voshel Investments, LLC v. John M. Daley*, No. 2019 CH 00741 filed on January 18, 2019 in the Circuit Court of Cook County, Illinois, and (b) *Gerald Nudo v. John Daley, LLC*, No. 2019 CH 04286, filed in the same court on April 2, 2019. *Id.* In 2021, Daley counterclaimed in the State Court Action against Voshel Investments and Nudo. *Id.* The State Court Action remains pending.

## II. Legal Standard

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 881 (7th Cir. 2022); *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

To survive a motion to dismiss under Rule 12(b)(6), the claim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all reasonable inferences in the pleading party's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586–87 (7th Cir. 2021) (quoting *W. Bend Mut.*, 844 F.3d at 676).

### III. Analysis

Defendants have moved to dismiss on a number of grounds.[1] The Court agrees with Defendants that dismissal is proper because of improper claim splitting.

#### A. Identity of Parties

Defendants argue that Plaintiffs, in filing their complaint in this court, engaged in impermissible claim splitting in light of the pending State Court Action. The

---

[1] Defendant Voshel incorporates arguments from the other two defendants' dismissal motions that raise claim splitting. (*See* Dkt. 38 at 9).

Amended Complaint should be dismissed, Defendants contend, because this action involves the same parties and issues that have been raised or could have been raised in the State Court Action.

The doctrine of claim splitting comes from the doctrine of res judicata, which bars a successive action after a first action has been litigated to final judgment when the two suits share an identity of parties and causes of action. *See Cent. States, Se. & Sw. Areas Pension Fund v. Hunt Truck Lines*, 296 F.3d 624, 628 (7th Cir. 2002); *Scholz v. United States*, 18 F.4th 941, 951–52 (7th Cir. 2021). Claim splitting, however, does not require a final judgment. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Courts assess whether there is an identity of the parties and causes of action in the two suits. *Scholz*, 18 F.4th at 952. Further, unlike res judicata, claim splitting allows the court to exercise its discretion in determining whether claim splitting warrants dismissal. *See Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 697 (7th Cir. 2022).

Here, there is an identity of the parties in the two suits. The parties in the State Court Action are: plaintiffs Voshel Investments, LLC and Gerald Nudo, and defendants John Daley, John Daley LLC, and John M. Daley & Associates, LLC. In this case, Plaintiffs are John Daley and John Daley LLC and Defendants are Voshel Investments, Voshel, and Nudo.[2]

Plaintiffs argue that the State Court Action involves an entity that is not a part of this case—4220 Kildare. (Dkt. 52 at 2). 4220 Kildare LLC was the company formed

---

[2] Plaintiffs do not argue that the absence of Ann Voshel individually or the presence of John M. Daley & Associates, LLC as named parties in the State Court Action impact the Court's

5

in 2006 by Voshel Investments, Daley LLC and Gerald Nudo, (Dkt. 39-1, Exh. 1 ¶ 9), and Voshel Investments brought the State Court Action on its own behalf, and derivatively on behalf of 4220 Kildare. (Dkt. 39-1, Exhs. 1 & 2). The fact that in the State Court Action, Voshel Investments brings the suit both individually and derivatively for 4220 Kildare and that the specific entities involved are different (4220 Kildare vs. Gulfhouse) does not undermine the finding that there is an identity of parties. Claim splitting still applies when the parties are not identical, but when there is privity, which "is a functional inquiry in which the formalities of legal relationships provide clues but not solutions." *Bernstein*, 733 F.3d at 226 (quoting *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998)); *see also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 (7th Cir. 1986).

### B. Identity of Causes of Action

As for the second element of the claim splitting analysis, Plaintiffs are "obliged to raise all claims that stem from the same transaction or series of related transactions (what courts sometimes call the 'core of operative facts')." *Nalco Co. v. Chen*, 843 F.3d 670, 674 (7th Cir. 2016) (citing Restatement (Second) of Judgments § 24 (1982) (rule against claim splitting)). Courts assess whether the "claims arise out of the same set of operative facts or the same transaction." *Scholz*, 18 F.4th at 952 (quotation omitted). Illinois uses a "transactional test" that courts apply "pragmatically." *Chi.*

---

assessment of the identity of the parties in the two actions. (Dkt. 52). Indeed the law allows for parties to be in privity. *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013). And the Court will not construct an argument for Plaintiffs where they have not asserted it themselves. *See Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1062–63 (7th Cir. 2020); *Bonte v. U.S. Bank N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

*Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1080 (7th Cir. 2011).

The Court agrees with Defendants' characterization that the "heart" of both actions is "whether business partners, Daley and Nudo, unlawfully misappropriated company funds from each other." (Dkt. 39 at 6). Daley concedes that the cases "contain the same claims." (Dkt. 52 at 2). However, he disputes that this second element is satisfied.

In the State Court Action, Plaintiffs allege that Daley abused his position and authority in providing property management services to 4220 Kildare by embezzling at least $1.8 million from 4220 Kildare starting in 2015 or earlier, through 2019. (Dkt. 39-1, Exh. 1). The State Court Plaintiffs allege that Daley hid this misconduct from Voshel and Nudo. *Id*. They explain that the parties dispute the value of their respective capital accounts and distribution rights, and seek a declaration of the members' respective capital account balances. *Id*. The State Court Plaintiffs also seek a declaratory judgment from the state court that Daley is not entitled to invoke the "buy-sell" clause of the 4220 Kildare Operating Agreement. (Dkt. 39-1, Exh. 2).

In his counterclaim in the State Court Action, Daley alleges that: "Despite repeated demands for the surrender of [certain company] funds, Nudo refused and continues to refuse to return the money to Kildare." (Counterclaim (Dkt. 39-1, Exh. 3) ¶ 41). His counterclaim alleges that in 2017, Nudo "became embroiled in a divorce with his wife," and "Nudo's marital problems and refusal to repay Kildare for the money he diverted resulted in negotiations for sale of the Property and dissolution of

7

Kildare." *Id*. ¶¶ 58, 60. Therefore "[i]n early 2018, Nudo and Daley began discussing a wind down of their business involvement," and "discussed the purchase of Kildare by Daley from Nudo." ¶¶ 59–60. Instead of an amicable wind-down, Nudo improperly diverted company funds, according to Daley. Daley asserted a number of claims including for breach of contract/set off, conversion, specific performance, unjust enrichment and for a declaratory judgment.

Defendants state, and Plaintiff does not dispute, that the operating agreements for Kildare (in the State Court Action) and the Gulfhouse Entities (in this suit) involve the same three parties. (Dkt. 39 at 7–8). In addition, in this lawsuit, as in the State Court Action, Daley Associates is the Property Manager. (*see* Am. Compl. Exh. 7). The overlap in two actions is also evident in Daley's claims about Nudo diverting money to specific named entities. *Compare* State Court Counterclaim ¶ 122 (accusing Nudo of "[d]iverting $5,888,289 of Kildare's money to 300 West LLC, 2000 25th LLC, 1821 Gardner LLC, and 2150 15th LLC which are entities which Kildare had no ownership interest.") *with* Am. Comp. ¶ 14 (accusing Nudo of "divert[ing] money from the entities to third party companies owned by Nudo and Voshel, but which were not owned by Daley or Daley, LLC") *and id*. ¶ 15 ("money was transferred to 2000 25th LLC, 3801 Hawthorn, LLC., 300 West, LLC., 1821 Gardner, LLC., and 5551 Ogden, LLC. These funds were not paid back to the entities in which Daley had an ownership

8

interest."). The relief sought is also similar: both suits seek monetary damages, a constructive trust on funds, and punitive damages.

Thus the Court rejects Plaintiff's characterization that there is no factual overlap in the nature of the claims or in time. (Dkt. 52 at 3). Both suits involve real estate dealings of Daley, Voshel, and Nudo through various LLCs, and a turning point in 2017 when Voshel and Nudo began divorce proceedings and the business relationship amongst Daley, Voshel, and Nudo deteriorated amid competing claims of fund misappropriation. That there are differences in the specific property involved or the timing of certain events is not dispositive. *See Scholz*, 18 F.4th at 956 (finding that claim splitting applied where "[counts] were reasonably wrapped into the same identity of the causes of action covering the broad set of interactions between [plaintiff] and the [defendant]"); *Digital Dynamics Software, Inc. v. Eclipse Gaming Sys., LLC*, No. 18 C 892, 2018 WL 2463378, at *6 (N.D. Ill. June 1, 2018) (explaining that claim splitting can still apply when "separate suits are different in some respects"). Moreover, Plaintiffs do not address the fact that claim splitting applies also when the claims or issues *could have been* raised in the first suit. *See Rexing Quality Eggs v. Rembrandt Enters., Inc.*, 953 F.3d 998, 1002 (7th Cir. 2020).

In their response brief, Plaintiffs urge the Court to consider the derivative nature of the State Court Action and where a damages award, if any, to Daley would be deposited. Specifically Plaintiffs contend "[i]f the state court counterclaim is successful, then the funds would be deposited in the account of 4220 Kildare and not directly to Daley," whereas in this case "Daley brings an action for the distributive

9

interest of his shares of the individual corporations." (Dkt. 52 at 3). But Plaintiffs fail to offer any authority to support these arguments. In Plaintiffs' response to Defendants' claim splitting argument generally, they distinguish one case relied on by Defendants, but do not offer case law of their own to show why claim splitting should not apply here. *See Shipley*, 947 F.3d at 1062–63; *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) (explaining that the "obligation to raise the relevant arguments rests squarely with the parties").

### C. Dismissal is Warranted

In sum, the Court finds that dismissal based on improper claim splitting is warranted in this case. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("As a general rule, a federal suit may be dismissed for reasons of wise judicial administration * * * whenever it is duplicative of a parallel action already pending[.]" (citation and internal quotation marks omitted) (alteration in original)). The Court is mindful of the principles of comity and federalism as they relate to the pending state court matter. Further, it is well-settled that "[p]reclusion doctrines in general protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent verdicts." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) (cleaned up).

## IV. Conclusion

For the reasons explained above, Gerald Nudo's motion to dismiss [36], Anne Voshel's motion to dismiss [38], and Voshel Investments, LLC's motion to dismiss [39]

10

are granted. This lawsuit is dismissed without prejudice. Judgment shall enter. Civil case terminated.

E N T E R:

Dated: February 8, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge